[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties entered into a contract which was signed by the plaintiff on 4-18-89 and the defendant on 4-19-89. The contract called for the plaintiff to supply the labor to construct a house on the defendant's property in consideration of the sum of $22,000.00. A payment schedule was in order and the plaintiff has been paid the sum of $17,000.00.
The plaintiff claims that he is owed the sum of $7,745.61. The defendant on the other hand claims that he is owed $5,130.00 CT Page 2586 which he spent to have the house completed.
Article 3 entitled Changes in the Work indicates that the owner may order changes in the work, if they be in writing and paid immediately by the owner. This article also indicates that claims by the contractor for extra costs must be made in writing before executing the work involved.
Article 6, Owner's Right to Terminate the Agreement, sets forth the necessary steps that the owner was to take if the plaintiff contractor failed to perform the work properly or failed to perform any provisions of this agreement. After giving notice, et cetera, in a fashion spelled out in the contract, the owner was then at liberty to make good the deficiencies and deduct the cost thereof from the payment then or thereafter due to the contractor, etc. If such expense then exceeds such unpaid balance, the contractor shall be responsible for the difference.
The plaintiff in his memorandum of law admits that neither party adhered to the letter of the contract mandated process.
Plaintiff's Exhibit B purports to be "Attachment to Contract" which has been signed by the defendant but not the plaintiff.
Defendant's Exhibit 4 is likewise an "Attachment to Contract" which has been signed by the plaintiff but not the defendant.
Plaintiff's Exhibit C, a letter to the plaintiff from the defendant, agrees that there were extras to the extent of at least $727.13, other items on that list were marked `disagree' and some of them `partial payment.'
The court finds the following:
Plaintiff and defendant entered into a contract for $22,000.00 wherein the plaintiff was to build a house for the defendant.
The defendant paid to the plaintiff the sum of $17,000.00. The contract called for certain methods by which extras would be handled. Plaintiff's Exhibit B and G and Defendant's Exhibit 4 do not fulfill the correct method for handling same.
Plaintiff's Exhibit C indicates that the defendant acknowledged $727.13 worth of extras due the plaintiff.
The plaintiff breached this contract by absenting himself CT Page 2587 from the job and ignoring defendants' request (Defendant's Exhibit 2) to return and complete same.
Under Article 6 of the agreement, the owner, defendant, after the contractor, plaintiff, had breached the contract, was at liberty to "make good the deficiencies and deduct the cost thereof from the payment then or thereafter due to the contractor."
The defendant exercised the right he had under Article 6 and "made good the deficiencies" for a cost of $5,130.00.
The plaintiff was owed $5,000.00 under the contract and an additional sum of $727.13 that the defendant agreed to owing, for a total of $5,727.13.
The defendant expended the sum of $5,130.00 to "make good the deficiencies". Deducting the costs expended by the defendant of $5,130.00 from the $5,727.13 owed the plaintiff, we arrive at a difference of $597.13.
The court therefore finds the issues for the plaintiff on the complaint and orders the defendant to pay to the plaintiff the sum of $597.13.
The court finds the issues on the counterclaim for the defendant but because the amount of money the defendant claims he expended is less than the money owed, there is no monetary award on this aspect of the case.
BY THE COURT, Robert C. Flanagan Judge